# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

STEVE G. RUTH                                                                                   PLAINTIFF

V.                                                       CIVIL ACTION NO. 1:13-CV-00165-SA-DAS

EKA CHEMICALS, INC.                                                                       DEFENDANT

## MEMORANDUM OPINION

Plaintiff Steve Ruth initiated this action, alleging that his employer Eka Chemicals, Inc. ("Eka") violated the Age Discrimination in Employment Act ("ADEA") by terminating him because of his age. Eka has filed a Motion for Summary Judgment [32]. Upon consideration of the motion, responses,[1] rules, and authorities, the Court finds as follows:

Factual and Procedural Background

Steve Ruth was employed with Eka for seventeen years as a Chief Technician at one of two sodium chlorate plants in Columbus, Mississippi. While off duty in 2007, Ruth stepped into a sinkhole, severely injured his ankle, and underwent surgery as a result. He took disability leave for two months while recovering. Then in 2011, Ruth began to experience problems with the same ankle, requiring additional surgery.

Following the second surgery, Ruth took leave under Eka's short term disability policy. The terms of the policy dictated that Ruth was to receive a certain level of disability compensation for the first sixteen weeks of leave, and then a reduced level of compensation for up to ten weeks thereafter. When the first sixteen weeks expired, Ruth returned to work, but with

---

[1] Although untimely filed, Ruth's Response in Opposition to Summary Judgment [44] and the materials attached thereto will be considered by the Court. Accordingly, Defendant's Motion to Strike Plaintiffs' Response [45] is DENIED.

several physical restrictions imposed by both his personal physician and a nurse practitioner that commonly receives referrals from Eka.

Eka allowed Ruth to maintain his work restrictions by assisting in the training of another employee, Michael Sanderson, in the Chief Technician position. After Sanderson's training was complete, Ruth met with the Sodium Chlorate Production Manager, Atwell Daves, who explained that Ruth's restrictions would need to be lifted if he wished to continue working at Eka. According to Ruth, Daves also informed him that should he be forced to go on disability leave for his ankle injury a second time, Ruth would receive a reduced level of compensation under Eka's disability policy. Ruth finally asserts that Daves "harassed" him during this meeting by stating: "you've had a couple of surgeries in the last couple of years . . . . it's costing this company." The next day, because his restrictions were still imposed, Ruth began another period of leave.

Both Daves and the Columbus Site Manager, Tim Mayo, assert that during that time, they learned that Ruth participated in activities that allegedly exceeded the imposed physical work restrictions, such as playing golf and coaching softball. Mayo contacted Eka's third-party insurance plan administrator CIGNA, which commissioned an independent investigation to confirm these activities.

While the investigation was ongoing, the majority of Ruth's restrictions were lifted, and he returned to work. Shortly thereafter, Lisa Winstead, the Human Resources Coordinator, learned that throughout the entirety of Ruth's leave, he received the full level of disability income despite the terms of the policy that stated the income payments were to be reduced to sixty-five percent after sixteen weeks. A few days after that, Eka received CIGNA's investigative report, which Eka contends confirmed that Ruth exceeded his physical work restrictions while on leave.

Mayo asserts that after receiving the report, he along with Daves and the Vice President of Human Resources, Steve Shiflet, all agreed that Ruth's receipt of disability overpayments and participation in activities that exceeded his physical restrictions warranted termination. Mayo communicated the decision to Ruth on August 20, 2014. Eka subsequently conducted internal interviews and hired Sanderson, Ruth's former trainee, to fill the vacant position.

Following his separation with Eka, Ruth filed this lawsuit, solely contending that Eka discriminated against him based on his age, which was forty-nine at the time of his termination.

### Summary Judgment Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Conclusory allegations, speculation,

unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little, 37 F.3d at 1075.

## Discussion and Analysis

Under the ADEA, an employer may be liable for "discharg[ing] any individual . . . because of such an individual's age." 29 U.S.C. § 623(a)(1). To prove discriminatory termination under the ADEA, the plaintiff must show that but for the alleged discrimination, he would not have been terminated. Gross v. FBL Financial Servs., Inc., 557 U.S. 167, 176, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009). When, as here, a plaintiff seeks to establish his claim with circumstantial evidence only, the Court assesses the sufficiency of the evidence using the McDonnell Douglas burden-shifting framework. Miller v. Raython Co., 716 F.3d 138, 144 (5th Cir. 2013) (citation omitted).

Within the McDonnell Douglas contours, Ruth must first establish a prima facie case of age discrimination, "at which point, the burden shifts to the employer to articulate a legitimate non-discriminatory reason for the employment decision." Berquist v. Wash. Mut. Bank, 500 F.3d 344, 349 (5th Cir. 2007). If Eka meets its burden of production, Ruth must introduce evidence from which a jury could infer that Eka's proffered reasons are not true—but are instead a pretext for discrimination—or that even if Eka's reasons are true, Ruth was terminated "because of" his age. Miller, 716 F.3d at 144 (citing Gross, 557 U.S. at 180, 129 S. Ct. 2343). To demonstrate pretext under the ADEA, Ruth must offer evidence to rebut *each* of the employer's proffered reasons. E.E.O.C. v. Tex. Instruments Inc., 100 F.3d 1173, 1180 (5th Cir. 1996) (en banc) (quoting Grimes v. Tex. Dept. of Mental Health & Mental Retardation, 102 F.3d 137, 140-41 (5th Cir. 1996)).

*Prima Facie Case*

To establish a prima facie case of discriminatory termination under the ADEA, Ruth must demonstrate that he: (1) was discharged, (2) was qualified for the position held, (3) was a member of the protected class, and (4) was either replaced by someone younger, replaced by someone outside the protected class, or otherwise discharged because of his age. Phillips v. Leggett & Platt, Inc., 658 F.3d 452, 455 (5th Cir. 2011) (citing Rachid v. Jack in the Box, Inc., 376 F.3d 305, 309 (5th Cir. 2004)). Eka contests only the final element for summary judgment purposes.

Ruth contends that the fourth element is satisfied because he was replaced by a younger employee. It is undisputed that Ruth was forty-nine years old at the time of his termination and that Sanderson was forty-two years old when promoted to become Ruth's replacement. Eka argues, however, that this age difference of seven years is legally insignificant.

The Supreme Court has held that the fourth element of a plaintiff's prima facie in an age discrimination suit may be satisfied when a plaintiff is replaced by a younger employee, even if that replacement is age forty or older and thus a member of the plaintiff's protected class. O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312, 116 S. Ct. 1307, 134 L. Ed. 2d 443 (1996).[2] The Court noted, however, that an insubstantial age difference between a plaintiff and his replacement will not support the fourth element. Id. at 313, 116 S. Ct. 1307. Neither the Supreme Court nor the Fifth Circuit has provided a bright-line rule to determine which age differences are considered substantial and which are considered insubstantial. Bienkowski v. Am. Airlines, Inc., 851 F.2d 1503, 1506 (5th Cir. 1988) ("The ADEA does not lend itself to a bright-line age rule."); Hall v. Sealy, Inc., 2011 WL 4389701, at *5 (N.D. Tex. Sept. 21, 2011).

---

[2] O'Connor involved an age difference of sixteen years. Id. at 309-10, 116 S. Ct. 1307.

The Fifth Circuit has, however, stated in dicta that five years presents a "close question" as to whether the age difference is legally sufficient, Rachid, 376 F.3d at 313, and has held four years to be insubstantial as a matter of law. Earle v. Aramark Corp., 247 F. App'x 519, 523 (5th Cir. 2007).

Without any clear guidance on the issue, district courts within the Fifth Circuit have routinely treated the fourth element as satisfied for summary judgment purposes when the age difference between a plaintiff and his replacement is seven years or more. See Frazier v. Lockheed Martin Operations Support, Inc., 2013 WL 2897897, at *4 (S.D. Miss. June 13, 2013) (finding that age differences of seven, eight, and seventeen years were sufficient for purposes of the plaintiff's prima facie case). See Hall, 2011 WL 4389701, at *5 (declining "to conclude as a matter of law that an age difference of more than nine years is insubstantial"); Bell v. Raytheon Co., 2009 WL 2365454, at *6 (N.D. Tex. July 31, 2009) (assuming that an approximately seven-year difference is substantial); Daly v. Home Depot U.S.A., Inc., 2007 WL 4260900, at *5 (W.D. Tex. Dec. 3, 2007) (finding that a difference of seven years is a "close question," but assuming for summary judgment purposes that it is sufficient); Cannon v. St. Paul Fire & Marine Ins. Co., 2005 WL 1107372, at *4 (N.D. Tex. May 6, 2005) ("The Court is not prepared to declare an age difference of approximately seven years insubstantial as a matter of law.").

This Court chooses to follow the lead of other district courts within the Fifth Circuit and holds that a seven year difference is sufficient for purposes of the fourth prima facie element. The Court thus finds Ruth has carried his prima facie burden by showing he was replaced by an employee seven years his junior.

*Non-Discriminatory Reasons*

With Ruth's prima facie burden established, the burden shifts to Eka to provide at least one legitimate nondiscriminatory reason for terminating Ruth. Berquist, 500 F.3d at 349. Eka's

reason or reasons for the adverse employment action need not be persuasive or credible. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 509, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993); Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 898 (5th Cir. 2000). Instead, its burden is to produce "evidence, which, '*taken as true,* would *permit* the conclusion that there was a nondiscriminatory reason for the adverse action.'" Price v. Fed. Express Corp., 283 F.3d 715, 720 (5th Cir. 2002) (quoting Hicks, 509 U.S. at 509, 113 S. Ct. 2742).

Eka claims that Ruth was terminated for failing to adhere to physical work restrictions while out on leave by performing a variety of tasks and activities that his work restrictions would prohibit. It is undisputed that, under the mutual restrictions of the physician and nurse practitioner, Ruth was not to climb, stoop, bend, squat, or handle objects over twenty pounds. It is likewise undisputed that, while on disability leave the second time, Ruth participated in activities requiring him to exceed those imposed restrictions. Ruth admittedly coached his daughter's softball team, played golf, and carried heavy objects such as an industrial-sized fan, a tent, and a door. Mayo explained in his affidavit that he, along with Shiflet and Daves, considered this to be a violation of both Eka's Code of Conduct and short term disability policy. According to Mayo, this was the first reason for Ruth's termination.

Eka's second proffered reason relates to the disability benefits Ruth received. Ruth had been an employee at Eka for seventeen years, and thus under the policy's terms was entitled to compensation equivalent to one hundred percent of his pay at Eka for the first sixteen weeks of disability related to his second ankle surgery. Ruth was then entitled to compensation equivalent to sixty-five percent of his pay for the next ten weeks of disability related to the same surgery. Ruth's leave period beginning in 2011 lasted sixteen weeks and thus, when he left work again in 2012 after he completed Sanderson's training, the policy dictated that Ruth would only receive sixty-five percent of his pay.

In the meeting preceding Ruth's final period of disability that began in 2012, it is undisputed that Daves communicated to Ruth that he was to receive these reduced payments. It is likewise undisputed that Ruth instead received the full one hundred percent due to an error made by CIGNA. Mayo and Daves both assert in their affidavits that these payments were "improperly received" and that they believed Ruth had knowledge that he was being overpaid and was therefore at fault. They state that their belief of Ruth's knowledge is founded on Ruth's conversation with Daves regarding the reduced payments, their common belief that Ruth had been trained on the disability policy, and their common belief that Ruth had access to the policy. This was, according to Mayo, the second reason that he, Shiflet, and Daves agreed Ruth should be terminated.

Eka is not "required to 'persuade the court that it was actually motivated by the proffered reasons.'" Turner v. Kansas City S. Ry. Co., 675 F.3d 887, 901 (5th Cir. 2012) (quoting Tex. Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 254-55, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981)). It must only "clearly set forth, through the introduction of admissible evidence, the reasons for [its decision]." Accordingly, the Court finds that Eka has satisfied its burden of production here.

*Pretext*

Proceeding to the final stage in the McDonnell Douglas analysis, Ruth must provide sufficient evidence from which a jury could reasonably infer that Eka's reasons are merely pretextual, or that even if the reasons are true, his age was the but-for cause of his termination. Miller, 716 F.3d at 144 (citation omitted). Pretext may be demonstrated "through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" Moss v. BMC Software, Inc., 610 F.3d 917, 922 (5th Cir. 2010) (quoting Jackson v. Cal-Western Packaging Corp., 602 F.3d 374, 378-79 (5th Cir. 2010)). Ruth

pursues the latter path by arguing Eka's proffered reasons for his termination are untrue. He makes no argument and presented no evidence that he was treated differently than similarly situated employees.

Ruth attempts to discredit Eka's first proffered reason for termination by emphasizing a distinction between work restrictions and life restrictions. For example, Daves and Mayo both admitted they had no authority over Ruth while he was away from work. Additionally the report from the nurse practitioner to Eka that imposes Ruth's restrictions is by its terms intended to assist the employer with "work status, diagnosis, and follow-up." Further, when pressed on the issue during their depositions, both Daves and Mayo conceded that restrictions placed by Ruth's orthopedic surgeon may not have applied while Ruth was away from work.

The Fifth Circuit has explained, however, that a plaintiff cannot meet his evidentiary burden by showing the employer was mistaken in its decision; rather, the plaintiff must demonstrate "that [the defendant] did not in good faith believe the allegations, but relied on them in a bad faith pretext to discriminate against him on the *basis of his age*." Swenson v. Schwan's Consumer Brands N. Am., 500 F. App'x 343, 346 (5th Cir. 2012) (citing Waggoner v. City of Garland, Tex., 987 F.2d 1160, 1166 (5th Cir. 1993)). Hence, Ruth cannot prevail by merely showing that he should not have been terminated for exceeding his restrictions. Id. To establish pretext, he must produce evidence demonstrating that it was not a true reason for his termination. Waggoner, 987 F.2d at 1166.

As discussed above, Mayo stated in his affidavit that he, Shifflet, and Daves agreed that by exceeding his restrictions, Ruth violated company policy and possibly even committed fraud. Ruth has presented no evidence showing that any of the three decisionmakers did not, in good faith, believe that his conduct warranted termination. Thus, with regard to Eka's first proffered reason, the Court finds no evidence of pretext.

The Fifth Circuit has emphasized that to prevail under the ADEA by showing pretext, the plaintiff must rebut "*each of the employer's stated reasons*" proffered in support of its employment decision. Tex. Instruments, 100 F.3d at 1180 (quoting Grimes, 102 F.3d at 140-41); see also Newman v. Sanderson Farms, Inc., 2011 WL 5511707, at *4 (S.D. Miss. Nov. 20, 2011) (finding summary judgment appropriate in age discrimination case when plaintiff was unable to rebut two of the five reasons asserted by the employer). Thus, having found insufficient evidence of pretext regarding Eka's first articulated justification, the Court finds it unnecessary to address whether Ruth is able to rebut Eka's assertion that Ruth was terminated for receiving disability overpayments.

Additional evidence cited by Eka bolsters the Court's conclusion that pretext has not been shown. It is undisputed that, of the eleven Chief Technicians employed with Eka at the time of Ruth's termination, seven were aged forty-eight or older; five of those seven were aged fifty-four or older; and three of those five were aged fifty-nine. Eka asserts, and Ruth has not contested, that each of these technicians was still employed in the Chief Technician position when the present motion was filed. Eka also directs the Court to the following excerpt from Ruth's deposition:

> Q. Did you believe before you went down to the EEOC that you had been mistreated on the—because of your age?
>
> A. I knew I was mistreated the day [Daves] harassed me in his hall.
>
> Q. Yeah. But mistreated—on what basis? Because of—what was the motivation for it in your mind at that time?
>
> A. Well, he harassed me on my surgeries, plus said it was costing the company.
>
> Q. Okay. He didn't say anything about your age though did he?
>
> A. No.

The ages of others who held the Chief Technician positon, as well as Ruth's testimony concerning the basis for the alleged mistreatment contradict his claim of discrimination. See West v. Nabors Drilling USA, Inc., 330 F.3d 379, 385 (5th Cir. 2003) (explaining that "abundant and uncontroverted independent evidence that no discrimination occurred" may appropriately result in summary judgment) (quoting Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)). As the Supreme Court has stated, to prevail under the ADEA, the plaintiff must ultimately "prove, by a preponderance of the evidence, that age was the 'but-for' cause of the employer's adverse action." Gross, 557 U.S. at 176, 129 S. Ct. 2343. The Court finds that Ruth has failed to carry this burden here, and that summary judgment is appropriate.

## Conclusion

For the foregoing reasons, Eka's Motion for Summary Judgment [32] is GRANTED. Ruth has failed to present evidence to support a finding of discrimination based on age. A separate order to that effect shall issue this day. CASE CLOSED.

SO ORDERED, this 17th day of February, 2015.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**