# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

STEVE G. RUTH                                                              PLAINTIFF

V.                                              CIVIL ACTION NO. 1:13-CV-00165-SA-DAS

EKA CHEMICALS, INC.                                                        DEFENDANT

## ORDER

Plaintiff Steve Ruth initiated suit against his former employer Eka Chemicals, Inc., alleging that he was terminated because of his age in violation of the Age Discrimination in Employment Act ("ADEA"). Defendant filed a Motion for Summary Judgment [32]. In ruling on Defendant's motion, the Court found that Plaintiff presented a prima facie case of age discrimination, but that he was unable to rebut one of Defendant's two asserted legitimate non-discriminatory justifications for his termination. Summary judgment was granted.

Before the Court now is Plaintiff's Motion to Alter the Judgment or for Reconsideration, or Alternatively to Grant Relief from Judgment [59]. Defendant filed its Response [63], but Plaintiff has not provided the Court with a reply.

Plaintiff seeks relief under both Rule 59(e) and Rule 60(b). Yet because his motion was timely filed, it is appropriately analyzed under the "unrestricted scope of Rule 59(e) . . . ." *Huff v. Int'l Longshoremen's Ass'n, Local 24*, 799 F.2d 1087, 1090 (5th Cir. 1986) (quoting *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986)). The Fifth Circuit has explained that Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence and is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Knight v. Kellog Brown & Root Inc.*, 333 F. App'x 1, 8 (5th Cir. 2009) (citation omitted). Mississippi's district courts have recognized three potential

grounds for granting a Rule 59(e) motion: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects PC v. Tunica Cnty., Miss.*, 597 F. Supp. 2d 766, 767 (N.D. Miss. 2008) (citing *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Plaintiff seeks relief on the second and third grounds.

As allegedly "new evidence," Plaintiff has attached three documents generated subsequent to the Court's grant of summary judgment: Plaintiff's own affidavit in which he reasserts many of the facts argued in his summary judgment response, as well as affidavits of two previous employees of Defendant, Wavie Davenport, who avers he was "forced into retirement" and Butch Edmonson, who claims to have been "retired" because of his age.[1]

The Fifth Circuit has held that "an unexcused failure to present evidence *available* at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479-80 (5th Cir. 2004) (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991) (emphasis added)). In cases where the underlying facts supporting evidence are "well within the [plaintiffs'] knowledge prior to the district court's entry of judgment[,]" such evidence is not considered by the Fifth Circuit to be "newly discovered" evidence that would justify relief from judgment. *In re Rodriguez*, 695 F.3d 360, 372 (5th Cir. 2012) (citing *Templet*, 367 F.3d at 479).

In his own affidavit, Plaintiff has alleged no facts that he would not have known prior to summary judgment. Likewise, Plaintiff previously identified Davenport and Edmonson in his

---

[1] Also attached to Plaintiff's motion are seven exhibits that were provided to Plaintiff during discovery but not included in either party's summary judgment papers. Plaintiff argues that the failure to include these exhibits, as well as additional alleged failures, are attributable to his former attorney and that Plaintiff should not be penalized for the actions of counsel. Yet, "inadvertent mistake of counsel[, g]ross carelessness, ignorance of rules or ignorance of law" on the part of the client *or* his counsel "do not justify granting a Rule 59(e) or 60(b) motion." *Gonzalez v. State Fair of Texas*, 235 F.3d 1339, at *2 (5th Cir. 2000) (quoting *Edward H. Bohlin Co. v. The Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993)).

2

interrogatory responses, indicating that they were "made to retire." Thus, the Court finds that Plaintiff was aware of the underlying facts supporting these three documents and has failed to identify any newly discovered evidence.

Moreover, even if Davenport's and Edmonson's affidavits were considered as new evidence, the Fifth Circuit has instructed that "[a] motion to reconsider based on an alleged discovery of new evidence should be granted only if [among other things,] . . . the facts discovered are of such a nature that they would probably change the outcome . . . ." *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010).

Plaintiff contends that the affidavits of Davenport and Edmonson demonstrate that Defendant "has a routine practice of age discrimination." The Fifth Circuit has held that anecdotal testimony of age discrimination, including witnesses' subjective beliefs that they had been terminated on account of age, is insufficient to demonstrate a pattern or practice of discrimination "unless those employees are similarly situated to the plaintiff." *Wyvill v. United Cos. Life Ins.*, 212 F.3d 296, 302 (5th Cir. 2000) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1220 (5th Cir. 1995)). That Court has further explained that "testimony from former employees who had different supervisors than the plaintiff, who worked in different parts of the employer's company, or whose terminations were removed in time from the plaintiff's termination cannot be probative of whether age was a determinative factor in the plaintiff's discharge." *Id.*

Neither Davenport nor Edmonson have stated the positions in which they were formerly employed or the identities of their supervisors or persons involved in the decisions to terminate them. Indeed, those involved in Ruth's termination have disavowed any personal knowledge as to why the tenures of Davenport and Edmonson were ended. Additionally, both were allegedly

3

forced into retirement on November 30, 2006, nearly six years prior to Ruth's termination. For these reasons, the evidence submitted does not demonstrate that Ruth was similarly situated to either Davenport or Edmonson. Thus, were their affidavits considered new evidence, the Court finds they would not change the outcome and would not provide a basis for granting Plaintiff's motion.

Plaintiff additionally argues that relief pursuant to Rule 59 is necessary to correct errors in the Court's ruling or to prevent manifest injustice. As more fully set forth in the Court's memorandum opinion on summary judgment, Defendant proffered two separate non-discriminatory justifications for terminating Plaintiff—(1) that he engaged in activities exceeding his physical work restrictions while away on leave and (2) that he improperly received disability overpayments. The Court held that Plaintiff failed to produce evidence demonstrating that Defendant's first articulated justification was merely pretext, such that Plaintiff had not created a genuine issue of material fact of age discrimination. It was, for that reason, unnecessary for the Court to address whether pretext existed as to Defendant's second proffered justification. *See Jackson v. Watkins*, 619 F.3d 463, 467 (5th Cir. 2010) (The Fifth Circuit has "long recognized that to satisfy step three of the *McDonnell Douglas* framework, a plaintiff must put forward evidence rebutting each of the nondiscriminatory reasons the employer articulates.") (citation and quotation omitted).

In the pending motion, Plaintiff attempts to demonstrate pretext by reasserting many previously made arguments and by raising new arguments, focusing primarily on the proffered reason that the Court chose not to address in its memorandum on summary judgment. As stated above, however, a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments *that could have been offered or raised* before the entry of judgment."

*Knight*, 333 F. App'x at 8 (emphasis added). The Court accordingly finds Plaintiff's previously urged and newly offered arguments to be unavailing at this late stage.

The Fifth Circuit has explained: "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Rodgriguez*, 695 F.3d at 371. For the foregoing reasons, the Court declines to employ such an extraordinary remedy here. Plaintiff's Motion to Alter the Judgment or for Reconsideration, or Alternatively to Grant Relief from Judgment [59] is, therefore, DENIED.

SO ORDERED, this, the 12th day of June, 2015.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**