# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

STEVE G. RUTH                                                              PLAINTIFF

V.                               CIVIL ACTION NO. 1:13-CV-165-SA-DAS

EKA CHEMICALS, INC.                                        DEFENDANT

## ORDER DENYING STAY PENDING APPEAL

Before the Court is Plaintiff's Motion to Stay Judgment Pending Appeal [70]. The Court, having considered the submissions of the parties, along with the pertinent authorities, finds as follows:

In February of 2015, this Court granted Defendant's Motion for Summary Judgment [50], and in doing so, dismissed Plaintiff's case in its entirety. Following that order, the Clerk of Court taxed costs to Plaintiff in the amount of $2,277.64. Plaintiff appealed the grant of summary judgment and now, in the pending motion, petitions the Court to stay the judgment entered for costs pending Plaintiff's appeal to the Fifth Circuit.

Plaintiff argues that his lack of full-time employment would make it financially burdensome to pay costs entered by the Court. Plaintiff also argues that a stay would not unduly burden or prejudice Defendant, and that he does not seek a stay for purposes of delay or harassment. In opposition, Defendant argues that Plaintiff's failure to obtain a supersedeas bond should prevent this Court from granting Plaintiff's motion to stay.

The Federal Rules of Civil Procedure provide that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . ." FED. R. CIV. P. 62(d). And, as a general rule, "losing parties in the district court can obtain a stay pending appeal *only* by giving a supersedeas

bond." *Enserch Corp. v. Shand Morahan & Co., Inc.*, 918 F.2d 462, 463-64 (5th Cir. 1990) (emphasis added).

A potentially applicable exception to this bond requirement is where the losing party "objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining the same degree of solvency during the period of appeal."[1] *Id.* (quoting *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). Plaintiff has not, however, presented the Court with any such plan to maintain solvency during appeal. Plaintiff merely states that he is currently unemployed and that the costs are financially burdensome. Therefore, Plaintiff does not qualify for an exception to the required supersedeas bond.

Plaintiff has neither complied with nor met an exception to Rule 62(d)'s supersedeas bond requirement. Thus, the Motion to Stay [70] is DENIED.

SO ORDERED on this, the 6th of August, 2015.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**

---

[1] One other exception exists, reserved for the situation in which the prevailing party "assert[s] that the decree is founded in error and for that reason should not be executed, but should be reversed and corrected in the appellate tribunal." *Enserch*, 918 F.2d at 464 (quoting *Bronson v. La Cross & Milwaukee R.R. Co.*, 68 U.S. (1 Wall.) 405, 410, 17 L. Ed. 616 (1863)). This exception could not apply here because the prevailing party, Eka, is not the party appealing this Court's judgment.